**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TIMOTHY H. [1]                                                    Case No. 3:24-cv-37

                    Plaintiff,
          v.                                                      Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

**MEMORANDUM OF OPINION AND ORDER**

Plaintiff Timothy H. filed this Social Security appeal in order to challenge the

Defendant's finding that he is not disabled.  *See* 42 U.S.C. § 405(g).  Proceeding through

counsel, Plaintiff presents one claim of error, which the Defendant disputes.   As

explained below, the Administrative Law Judge (ALJ)'s finding of non-disability is

AFFIRMED, because it is supported by substantial evidence in the administrative record.

The parties have consented to the jurisdiction of the undersigned magistrate judge.  *See*

28 U.S.C. §636(c).

**I.  Summary of Administrative Record**

Plaintiff applied for disability insurance benefits (DIB) in May 2021, claiming

disability beginning on May 17, 2021, due to chronic back pain and prior shoulder

surgeries. (Tr. 117, 263, 273). His application was denied initially and upon

reconsideration.  A telephone hearing was held on November 10, 2022, wherein Plaintiff

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the
United States has recommended that, due to significant privacy concerns in social security cases,
federal courts should refer to claimants only by their first names and last initials.  *See* General Order 22-
01.

appeared with counsel and gave testimony before ALJ George Beatty.  Vocational Expert Charlotta Ewers also appeared and gave testimony.  On November 29, 2022, the ALJ issued a written decision, concluding that Plaintiff was not disabled. (Tr. 18-30).

Plaintiff was born in September 1968 and was 52 years old on his alleged onset date of disability.  (Tr. 273). He graduated high school and had past relevant work as a painter and dry wall installer.  (Tr. 26).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "lumbar spinal stenosis with status/post fusion, right shoulder impingement syndrome, right rotator cuff tear, arthritis, hypertension, obesity." (Tr. 21). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1.  Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work subject to the following limitations:

> No more than occasional overhead reaching, and no more than frequent reaching in all other directions, with the left upper extremity. No more than frequent balancing. No more than occasional stooping, kneeling, crouching, crawling, or climbing of ramps and stairs. No climbing of ladders, ropes, or scaffolds. No work at unprotected heights, around moving mechanical parts, or operating a motor vehicle.

(Tr. 24).

Based upon his RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could perform his past relevant work as an auto assembler. (Tr. 26).  In the alternative, the ALJ, found that Plaintiff could perform other jobs in the national economy including cafeteria attendant, office helper, and housekeeping cleaner. (Tr. 27-28). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB or SSI.  *Id.*

2

The Appeals Council denied Plaintiff's request for review.  Therefore, the ALJ's decision stands as the Defendant's final determination.  On appeal to this Court, Plaintiff argues that the ALJ erred by failing to properly determine Plaintiff's RFC. Upon close analysis, I conclude that Plaintiff's assignment of error is not well-taken.

## II.    Analysis

### A.  Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a).  Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted).  In conducting this review, the court should consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability.  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion....

> The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts.  If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.*  (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy.  *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); see also *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job.  42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is supported by Substantial Evidence**

Plaintiff's sole assignment of error is that the ALJ's RFC for light work is not supported by substantial evidence.  In this regard, Plaintiff argues, *inter alia*, that the ALJ's RFC failed to include a limitation of being off task during the workday due to his impairments. Plaintiff's contentions are unavailing.

The RFC is the "most [an individual] can still do despite [his physical and mental] limitations." 20 C.F.R. § 416.945(a)(1). An ALJ determines the claimant's RFC using "all the relevant evidence in [the] case record." Id. Yet it is the claimant's burden to establish his RFC. See id. § 416.945(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity."); see also *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (claimant bears the burden of demonstrating a more restrictive RFC); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("Plaintiff has the ultimate burden of establishing the existence of disability.").

Here, in formulating Plaintiff's RFC, the ALJ assigned substantial weight to the findings of Mehr Siddiqui, M.D. (Tr. 27-28).  Dr. Siddiqui opined that Plaintiff is capable of exertion consistent with light-level work, subject to several reaching, postural, climbing, and hazard exposure limitations. The ALJ determined that Dr. Siddiqui's recommended limitations were substantially consistent with the record.  However, in deference to Plaintiff's complaints of shoulder pain, and in light of his second shoulder surgery, The ALJ added additional reaching limitations, which were only recommended for the left arm, to limiting reaching bilaterally.

With respect to Plaintiff's mental impairments, the ALJ accepted the findings of Brian R. Griffiths, Psy.D and David Dietz, Ph.D. (Tr. 27). Notably, in September 2021, Dr. Griffiths provided a consultative mental examination of Plaintiff. (Tr. 21, 27, 657-663). At that time, Plaintiff reported to Dr. Griffiths that his attention and concentration decreased with pain, but also reported that his activities of daily living included caring for his mother, attending to his own grooming and hygiene, counting money, paying bills, fixing simple meals, and performing light household chores like dishwashing and wiping countertops. (Tr. at 660).  Dr. Griffiths noted that Plaintiff had some difficulty on tasks that assess attention and concentration and reported a decreased ability to focus when his pain symptoms increase. (Tr 662.) Dr. Griffiths also observed, however, that Plaintiff displayed no flight of ideas; was alert, responsive, and fully oriented; was able to follow the conversation during the interview without a need for repetition or clarification; had an adequate pace during the examination; and reported that he had a good energy level and was not easily fatigued. (Tr. 660-662). Dr. Griffiths noted that Plaintiff's mental health symptoms "may interfere with his ability to keep up with others." (Tr.  662.)

In light of the foregoing, the ALJ found that Dr. Griffiths effectively concluded that the Plaintiff does not have significant limitations in any of the paragraph B areas of functioning as a result of his depressive disorder. While he did note the potential for at least one such limitation, as well as for the exacerbation of Plaintiff's condition, the ALJ found that Dr. Griffiths made no definitive statement that Plaintiff's depression would actually or functionally cause more than minimal limitations in his ability to perform work-related activities.

6

Dr. Dietz, a state agency psychological consultant similarly opined that the Plaintiff's mental impairment was not severe, and would not have caused him any significant limitations. Namely, Dr. Dietz reviewed the evidence of record in October 2021, including the consultative mental examination from Dr. Griffiths, Plaintiff's reported daily living activities, and his lack of history of mental health treatment. (Tr. 118-120.) Dr. Dietz found based on this evidence that Plaintiff had no limitation in the area of concentrating, persisting, or maintaining pace, and found no RFC limitations. (Tr. 119.) The ALJ determined that Dr. Griffiths and Dr. Dietz' opinions are not only consistent with each other and the record evidence which does not indicate a need for or history of any significant mental health treatment. (Tr. 28).

The ALJ also properly considered Plaintiff's daily activities.  In this regard, the ALJ noted that Plaintiff was generally able to take care of his personal needs, dressing, bathing, and grooming. (Tr. 26). He was able to take care of pets, prepare at least simple meals for himself, and though "not without [p]ain and [b]reaks," he could do "most" household chores. (Tr. 26).  The ALJ also noted that Plaintiff testified at the hearing that he could not mow the lawn in the past 20-years due to back pain, yet, in a function report, he stated that he spent between two and three hours mowing the lawn and performing repairs. (Tr. 27, 282).  As such, the ALJ noted "[t]his raises questions regarding how long, and how severely, [Plaintiff's] physical impairments have limited his abilities, especially in light of the fact that he was doing very heavy exertional work during the period he was allegedly unable to mow the lawn." (Tr. 27, 256-257). Accordingly, the ALJ concluded that Plaintiff's subjective complaints were inconsistent with a finding of disability.  (Tr. 27).

Plaintiff, however, argues that the evidence supports an off-task limitation.  In this regard, Plaintiff notes that he testified that he stopped working because his impairments and pain caused him to "slack" and not get "stuff done in time." (Tr. 45). He is treated at a pain clinic and takes several prescription pain medications including methadone, oxycodone, tizanidine, and ibuprofen. (Tr. 66; 878-937). Plaintiff further contends that he needs to lie down or sit in a recliner for eighty-five percent of the day to relieve his pain (R. 16). In light of the foregoing, Plaintiff argues that his impairments, including his prescribed medication, would necessitate him being off work for a period of time during the work day. Plaintiff's contentions are not well-taken.

As noted above, the ALJ's decision indicates that he properly considered the totality of the record evidence, including objective medical findings, opinion evidence, and Plaintiff's testimony. (Tr. 25-28).  The Sixth Circuit has held that a hypothetical question must only include a claimant's credible impairments and limitations. *See Smith v. Halter,* 307 F.3d 377, 378 (6th Cir. 2001) (emphasis added); *Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993). The ALJ was not required to ask about the impact of the opined limitations that he did not accept. See *Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.") (citing *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922 (6th Cir. 1987)). Here, the ALJ's hypothetical question was supported by the medical record and other evidence as detailed above, and Plaintiff has not shown that he had limitations greater than those

8

reflected in the ALJ's hypothetical question and eventual RFC finding. Accordingly, the

ALJ's decision is substantially supported in this regard.

### III. Conclusion

For the reasons explained herein, **IT IS ORDERED THAT** Defendant's decision

is **SUPPORTED BY SUBSTANTIAL EVIDENCE** and is **AFFIRMED. IT IS FURTHER**

**ORDERED THAT** that this case is **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge
